UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

CHEVEZ PROVIDENCE,

      Plaintiff,

  -against-


THE CITY OF NEW YORK, P.O. CHRISTOPHER ROBLEY
(Shield #23263) and YUAN NEWTON (Shield #8635), the
individual Defendants sued individually and in their official
capacities,

      Defendants.

------------------------------------------------------------------------X

**COMPLAINT**

**CV-16-912**

**ECF Case**

**Jury Trial Demanded**

## PRELIMINARY STATEMENT

1.  This is a civil rights action in which Plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. §§ 1983 and 1985; the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution; and the laws of the State of New York. The claims arise from an incident which began on or about September 13, 2014 and continued until on or about November 25, 2014.

2.  During the incident **THE CITY OF NEW YORK** and members of the New York City Police Department (hereinafter referred to as "NYPD") subjected Plaintiff to, among other things, false arrest, false imprisonment, excessive force, unlawful search and seizure, malicious criminal prosecution, conspiracy, fabricated evidence, unlawful confinement, gross negligence, negligence in the performance of police duties, negligent hiring, retention, supervision and training of NYPD employees. Plaintiff seeks compensatory damages, punitive damages, an award of costs and attorney's fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

3.  Jurisdiction is conferred upon this Court under 28 U.S.C. §§ 1331 and 1343(3) and

(4), as this action seeks redress for the violation of Plaintiff's constitutional and civil rights.

4. Plaintiff additionally invokes the supplemental jurisdiction of this Court under 28 U.S.C. § 1367(a), over any and all state law and constitutional claims that are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

## PARTIES

5. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391(b), in that the claim arose within this District.

## JURY DEMAND

6. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

7. At all times herein mentioned Plaintiff **CHEVEZ PROVIDENCE** was and is a resident of the County of Kings, City and State of New York.

8. At all times herein mentioned, Defendant **THE CITY OF NEW YORK** was, and still is, a municipal corporation duly organized and existing by virtue of the laws of the State of New York.

9. Defendant **THE CITY OF NEW YORK** maintains the New York City Police Department, a duly authorized department of **THE CITY OF NEW YORK** authorized to perform all functions of a police department as per the applicable sections of the rules and regulations of **THE CITY OF NEW YORK**.

10. At all times hereinafter mentioned, the individually named Defendants **P.O. CHRISTOPHER ROBLEY (Shield #23263 ) and YUAN NEWTON (Shield #8635 )** were and are duly sworn police officers and/or detectives of the NYPD and were acting under the supervision of said department and according to their official duties.

11.     At all times hereinafter mentioned the individually named Defendants were acting as agents, servants and/or employees of the Defendant, **THE CITY OF NEW YORK**.

12.     That at all times hereinafter mentioned the Defendants, either personally or through their employees, were acting under color of law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or **THE CITY OF NEW YORK**.

13.     Each and every act of the Defendants alleged herein were performed by said Defendants while acting within the scope of their employment with Defendant **THE CITY OF NEW YORK**.

## STATEMENT OF FACTS

14.     On September 13, 2014 an individual identified as Andy Campbell was allegedly robbed at gunpoint by two individuals in Brooklyn, NY.

15.     The individuals who perpetrated this robbery were unknown to Andy Campbell.

16.     Upon information and belief, on September 13, 2014 Andy Campbell contacted 911 and gave a description of the perpetrators of this robbery.  Later that same day he contacted the police and provided the license plate of the vehicle he believed was being driven by the robbery perpetrators at the time of the crime.

17.     Upon receipt of this information one or more of the Defendants searched DMV records to determine the registration address for the vehicle.  Thereafter one or more of the Defendants compiled photographs of individuals who lived at that address who had been previously convicted of robbery offenses.

18.     On or about September 13, 2014 Andy Campbell was shown a photograph of Plaintiff as an individual who resided at the address from Defendant's DMV search by Defendant **P.O. YUAN NEWTON (Shield #8635)** at the NYPD 75th Pct.

19.     Andy Campbell identified Plaintiff as one of his robbery perpetrators based on that photograph.

20.     On or about September 16, 2014 an "i-card" was issued for Plaintiff.

21.     Additionally, a "wanted poster" was created with Plaintiff's likeness upon it and conspicuously displayed in various locations, including, but not limited to, an area at or near the entrance to the NYPD 75th Pct.

22.     On or about September 22, 2014 Plaintiff **CHEVEZ PROVIDENCE** presented himself to the New York State Department of Probation located at 40 Livingston Street Brooklyn, NY 11201 as required under the terms of his then pending probation.

23.     Once Plaintiff arrived at the Department of Probation he was held against his will under direction of one or more officers from the NYPD 75th Precinct who had contacted Plaintiff's probation officer and directed that Plaintiff be detained based on the NYPD "i-card".

24.     No judge or magistrate was involved in the issuance of the "i-card". Upon information and belief, the "i-card" was an NYPD generated device.

25.     Plaintiff was searched, arrested, handcuffed and transported to the NYPD 75th Precinct.

26.     Upon arrival at the NYPD 75th Pct., Plaintiff was questioned by one or more NYPD officers including, but not limited to, Defendant **P.O. CHRISTOPHER ROBLEY (Shield #23263)**, regarding the aforementioned September 13, 2014 gunpoint robbery.

27.     No attorney was present to represent Plaintiff's interests during the questioning and upon information and belief, Plaintiff was not adequately apprised of his rights under the law before speaking with members of the NYPD.

28.     Nevertheless, during this questioning Plaintiff told Defendant **P.O. CHRISTOPHER ROBLEY (Shield #23263)** that he was home at the time of this alleged robbery and that he did not commit the crime.

4

29.     Upon information and belief Defendant **P.O. CHRISTOPHER ROBLEY (Shield #23263)** took no steps to verify this information provided by Plaintiff.

30.     Plaintiff was also placed in a lineup at the NYPD 75th Precinct on September 22, 2014. In that lineup Plaintiff was the only person that was his height and his skin complexion.

31.     Again no attorney was present representing Plaintiff's interests during this lineup procedure.

32.     Upon information and belief, Mr. Andy Campbell was exposed to Plaintiff's photograph in the form of the aforementioned "wanted poster" as he entered the NYPD 75th Pct. to view the lineup that had been set up by Defendant **P.O. CHRISTOPHER ROBLEY (Shield #23263)**.

33.     These steps taken by Defendant NYPD Officers in this case to obtain identification evidence were improper and unduly suggestive.  They led to a misidentification of Plaintiff by Andy Campbell.

34.     Plaintiff was processed at the NYPD 75th Precinct and Defendants thereafter provided false, incomplete, and misleading information to the Kings County District Attorney's Office for the purpose of initiating a criminal prosecution against Plaintiff.

35.     Plaintiff was charged under Criminal Court Docket # 2014KN072091 with multiple crimes, including felonies, that he was innocent of, said crimes included Robbery in the First, Second and Third Degree, Grand Larceny in the Fourth Degree, Menacing in the Second Degree, Petit Larceny, Criminal Possession of Stolen Property in the Fifth Degree, Menacing in the Third Degree and Harassment in the Second Degree.

36.     These Defendants initiated this criminal prosecution with malice, and otherwise caused said prosecution to be commenced, and to continue, against Plaintiff for the purpose of obtaining a collateral objective, repugnant to the legitimate ends of the legal process.

37.    Plaintiff was arraigned in Kings County Criminal Court and bail was set in the amount of $250,000.00.

38.    Because Plaintiff was unable to post the required bail he was detained at Riker's Island for approximately five (5) days until he was released on his own recognizance pursuant to Criminal Procedure Law § 180.80.

39.    Thereafter Plaintiff was forced to return to Court on several occasions until on or about November 25, 2014 when all charges against Plaintiff were dismissed and sealed.

40.    All of the above occurred as a direct and proximate result of the unconstitutional policies, customs and/or practices of **THE CITY OF NEW YORK**, including, but not limited to, the inadequate screening, hiring, retention, training, and supervision of its police officers and detectives.

## **Federal Claims**

### **AS AND FOR A FIRST CAUSE OF ACTION**
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

41.    Plaintiff repeats, reiterates and re-alleges all of the allegations contained in paragraphs "1" through "40" with full force and effect as though set forth at length herein.

42.    All of the aforementioned acts of the Defendants were carried out under color of state law.

43.    All of the aforementioned acts deprived Plaintiff **CHEVEZ PROVIDENCE** of the rights, privileges and immunities guaranteed citizens of the United States by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and in violation of 42 U.S.C. §§ 1981 and 1983.

44.    The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and/or detectives with the actual and/or apparent authority conferred upon them by **THE CITY OF NEW YORK**.

6

45.     The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and/or detectives, pursuant to the customs, usages, practices, procedures, and the rules of **THE CITY OF NEW YORK** and the NYPD, all under the supervision of ranking officers.

46.     Defendants, jointly and severally, while acting under color of state law, engaged in conduct that was consistent with a custom, usage, practice, procedure or rule of the NYPD and **THE CITY OF NEW YORK**, which is forbidden by the United States Constitution.

47.     As a result of the foregoing, Plaintiff **CHEVEZ PROVIDENCE**, is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C § 1983)

48.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "47" with full force and effect as if fully set forth herein.

49.     That beginning on September 22, 2014 at the New York State Department of Probation and continuing thereafter the Defendants, jointly and severally, in their capacity as police officers and/or detectives, without any valid warrant or any other legal process and without any legal right, wrongfully and unlawfully arrested the Plaintiff **CHEVEZ PROVIDENCE**, restrained him and interfered with his liberty and took him into custody without authority to the NYPD 75th Precinct in Kings County.

50.     In order to effectuate the aforementioned arrest Defendants utilized an unlawful "i-card" procedure unique to the NYPD which, upon information and belief, is intended to deprive an individual of the constitutional rights that would be available to him or her if a court issued warrant were sought by the police.

51.     The Plaintiff was thereafter held in custody for more than 24 hours before he was arraigned.

52.     Plaintiff was thereafter unlawfully imprisoned against his will at Riker's Island for five days as a direct and proximate result of the acts of the Defendants acting jointly and individually.

53.     The Defendants intentionally confined the Plaintiff without his consent and the confinement was not otherwise privileged by law and at all times Plaintiff was aware of his confinement.

54.     As a result of the foregoing, Plaintiff **CHEVEZ PROVIDENCE**, is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

55.     Plaintiff repeats, reiterates and re-alleges all of the allegations contained in paragraphs "1" through "54" with full force and effect as though set forth at length herein.

56.     That on September 22, 2014 Plaintiff was arrested and from that time until the end of the criminal prosecution on or about November 25, 2014, Defendants **P.O. CHRISTOPHER ROBLEY (Shield #23263) and P.O. YUAN NEWTON (Shield #8635)** deliberately and maliciously prosecuted Plaintiff **CHEVEZ PROVIDENCE**, an innocent man without any probable cause whatsoever, by initiating, and allowing to continue, a criminal prosecution in the Criminal Court of the City of New York, Kings County for the purpose of falsely accusing the plaintiff of violations of the criminal laws of the State of New York.

57.     The Defendants **P.O. CHRISTOPHER ROBLEY (Shield #23263) and P.O. YUAN NEWTON (Shield #8635)**, failed to take reasonable steps to stop the prosecution of the Plaintiff and instead conducted unlawful and unconstitutional police procedures and maliciously and

deliberately provided false and/or incomplete information to the District Attorney's office to initiate prosecution of the Plaintiff.

58.     The commencement of these criminal proceedings under Docket No. 2014KN072091 was malicious, began in malice and without probable cause, so that the proceedings could succeed by the Defendants for a purpose outside of, and repugnant to, the legitimate ends of the legal process.

59.     As a result of the malicious prosecution, Plaintiff was deprived of his liberty for five (5) days while at Rikers Island and suffered humiliation, mental anguish, indignity and the frustration of an unjust criminal prosecution.  The Plaintiff made multiple court appearances to defend his liberty as a result of the unjust prosecution.

60.     As a result of the foregoing, Plaintiff **CHEVEZ PROVIDENCE**, is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

61.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "60" with full force and effect as if fully set forth herein.

62.     The Defendants conduct as described herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

63.     As a direct and proximate result of Defendants' conduct as described herein Plaintiff was deprived of his liberty and right to substantive due process, causing him emotional and physical injuries.

64.     As a result of the foregoing, Plaintiff **CHEVEZ PROVIDENCE**, is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages

against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

65.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "64" with full force and effect as if fully set forth herein.

66.    Defendants, jointly and severally, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of **THE CITY OF NEW YORK** and/or NYPD that is forbidden by the United States Constitution.

67.    The aforementioned customs, policies, usages, practices, procedures and rules of **THE CITY OF NEW YORK** and/or the NYPD included, but were not limited to, arresting citizens without probable cause, conducting suggestive and unlawful identification procedures, utilizing an unlawful "i-card" device, manufacturing evidence and/or engaging in falsification in an effort to secure convictions and achieve ulterior motives like overtime compensation.

68.    Additionally, **THE CITY OF NEW YORK** engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its police officers and detectives that was the driving force behind the violation of Plaintiff's rights as described herein.

69.    By failing to properly recruit, screen, train, discipline and supervise its officers, including the individually named Defendants herein, **THE CITY OF NEW YORK** has tacitly authorized, ratified, sanctioned and/or impliedly authorized Defendants' acts complained of herein.

70.    The foregoing customs, policies, usages, practices, procedures and rules of **THE CITY OF NEW YORK** and the NYPD constituted deliberate indifference to the safety, well-being and constitutional rights of Plaintiff **CHEVEZ PROVIDENCE**.

71.    The foregoing customs, policies, usages, practices, procedures and rules of **THE CITY OF NEW YORK** and the NYPD were the direct and proximate cause of the constitutional

violations suffered by Plaintiff **CHEVEZ PROVIDENCE** as alleged herein.

72.      Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating Plaintiff's constitutional rights.

73.      All of the foregoing acts by Defendants deprived Plaintiff of federally protected rights, including, but not limited to, the right:

     i.   Not to be deprived of liberty without due process of law;

     ii.  To be free from false arrest/unlawful imprisonment;

     iii. To be free from unreasonable and unlawful searches;

     iv.  To be free from malicious prosecution;

     v.   To be free from the deprivation of the right to counsel;

     vi.  To be free from unlawful warrantless detention and arrest.

74.      As a result of the foregoing, Plaintiff **CHEVEZ PROVIDENCE**, is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## Supplemental State Law Claims

75.      Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "74" with full force and effect as if fully set forth herein.

76.      Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with **THE CITY OF NEW YORK**, a Notice of Claim setting forth all facts and information pursuant to, and in compliance with, General Municipal Law § 50-e.

77.      **THE CITY OF NEW YORK** has wholly neglected or refused to make any adjustment or payment thereupon and more than thirty (30) days have elapsed since the presentation of such claim.

78.    Plaintiff has complied with the requirement of **THE CITY OF NEW YORK** by participating in a hearing held pursuant to General Municipal Law § 50-h on August 26, 2015.

79.    This action was commenced within one (1) year and ninety (90) days after one or more of the causes of action described herein accrued.

80.    This action falls within one or more of the exceptions outlined in CPLR § 1602.

## AS AND FOR A SIXTH CAUSE OF ACTION
(State Law Malicious Prosecution)

81.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "80" with full force and effect as if fully set forth herein.

82.    That on September 22, 2014 Plaintiff was arrested and from that time until the end of the criminal prosecution on or about November 25, 2014, Defendants **P.O. CHRISTOPHER ROBLEY (Shield #23263) and P.O. YUAN NEWTON (Shield #8635)** deliberately and maliciously prosecuted Plaintiff **CHEVEZ PROVIDENCE**, an innocent man without any probable cause whatsoever, by initiating, and allowing to continue, a criminal prosecution in the Criminal Court of the City of New York, Kings County for the purpose of falsely accusing the plaintiff of violations of the criminal laws of the State of New York.

83.    The Defendants **P.O. CHRISTOPHER ROBLEY (Shield #23263) and P.O. YUAN NEWTON (Shield #8635),** failed to take reasonable steps to prevent or stop the prosecution of the Plaintiff and instead conducted unlawful and unconstitutional police procedures and maliciously and deliberately provided false and/or incomplete information to the District Attorney's office to initiate prosecution of the Plaintiff.

84.    The commencement of these criminal proceedings under Docket No. 2014KN072091 was malicious, began in malice and without probable cause, so that the proceedings could succeed by the Defendants for a purpose outside of, and repugnant to, the legitimate ends of the legal process.

85.     As a result of the malicious prosecution, Plaintiff was deprived of his liberty for five (5) days while at Rikers Island and suffered humiliation, mental anguish, indignity and the frustration of an unjust criminal prosecution.  The Plaintiff made multiple court appearances to defend his liberty as a result of the unjust prosecution.

86.     As a result of the foregoing, Plaintiff **CHEVEZ PROVIDENCE**, is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(State Law False Arrest against Individually Named Defendants)

87.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "86" with full force and effect as if fully set forth herein.

88.     That on September 22, 2014 Defendants **P.O. CHRISTOPHER ROBLEY (Shield #23263) and P.O. YUAN NEWTON (Shield #8635)** caused Plaintiff to be arrested without probable cause or other legal authority.

89.     Plaintiff was detained against his will for approximately twenty-four (24) hours until he was arraigned and at various times was subjected to physical restraints.

90.     As a result of the aforementioned conduct, Plaintiff **CHEVEZ PROVIDENCE** was falsely arrested in violation of the laws of the State of New York.

91.     As a result of the aforementioned conduct Plaintiff suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

92.     As a result of the foregoing, Plaintiff **CHEVEZ PROVIDENCE**, is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(State Law False Imprisonment against the Individually Named Officers)

93.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "92" with full force and effect as if fully set forth herein.

94.     That on September 22, 2014 and continuing thereafter until on or about September 27, 2014 Defendants **P.O. CHRISTOPHER ROBLEY (Shield #23263) and P.O. YUAN NEWTON (Shield #8635)** caused Plaintiff to be imprisoned without probable cause or other legal authority.

95.     Plaintiff was detained against his will at Rikers Island for approximately five (5) days after he was arraigned and bail was set in the amount of $250,000.00 until he was released on his own recognizance pursuant to Criminal Procedure Law § 180.80.

96.     As a result of the aforementioned conduct, Plaintiff **CHEVEZ PROVIDENCE** was falsely imprisoned in violation of the laws of the State of New York.

97.     At all times during his imprisonment Plaintiff was aware of his confinement.

98.     Plaintiff did not consent to being confined nor was it otherwise sanctioned by law.

99.     As a result of the aforementioned conduct Plaintiff suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

100.    As a result of the foregoing, Plaintiff **CHEVEZ PROVIDENCE**, is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A NINETH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 § 12)

101.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "100" with full force and effect as if fully set forth herein.

102.    As a result of Defendants' conduct as described herein Plaintiff **CHEVEZ PROVIDENCE** was deprived of his right to security against unreasonable searches, seizures and interceptions.

103.    As a result of the foregoing, Plaintiff **CHEVEZ PROVIDENCE**, is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
(State Law *Respondeat Superior* liability)

104.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "103" with full force and effect as if fully set forth herein.

105.    Defendant **THE CITY OF NEW YORK** is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

106.    As a result of the foregoing, Plaintiff **CHEVEZ PROVIDENCE**, is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, Plaintiff **CHEVEZ PROVIDENCE** demands judgment and prays for the following relief, jointly and severally, against the Defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual Defendants in an amount to be determined by a jury;

(C) reasonable attorney's fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated:          JAMAICA, NEW YORK
                FEBRUARY 23, 2016

                          Kareem R. Vessup
                          THE LAW OFFICE OF KAREEM R. VESSUP ESQ.
                          89-31 161st Street Suite 705
                          Jamaica, New York
                          (718) 219-8744 – P
                          (718) 228-7733 – F
                          kvessup@vessuplaw.com